# THE SAN FRANCISCO LADIES ·PROTECTION AND RELIEF SOCIETY *v.* CHARLES R. STORY.

PROPERTY EXEMPT FROM TAXATION.—The property of all asylums and charitable institutions which are supported in whole or in part by the State, is exempt from taxation.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff owned real estate in San Francisco, which in 1866 was assessed at twenty-seven thousand dollars. The defendant, who was Tax Collector, enforced the payment of the tax on this sum, which was eight hundred and thirty-seven dollars.

The other facts are stated in the opinion of the Court.

*Nathan Porter*, for Appellant.

*Haight & Pierson*, for Respondent.

By the Court, SANDERSON, J.:

This is an action to recover a tax paid by the plaintiff to the defendant, who is the Tax Collector of the City and County of San Francisco, under duress and protest.   The plaintiff had judgment in the Court below, and the defendant appeals.

The only question upon which we are asked to express an opinion is whether the property of the plaintiff is exempted from taxation by the following language, which is found in the third subdivision of section four of the Revenue Act of the 2d April, 1866 (Stat. p. 803) : " All asylums and charitable institutions supported in whole or in part by the State."

The Court below found as facts, which are also admitted by the appellant, that the plaintiff is a charitable institution, and that the property upon which the tax in question was levied was used by the plaintiff solely for charitable purposes ; and that the plaintiff is the same institution which received appro-

priations from the State by virtue of Legislative Acts in the years 1862 (Statutes, p. 435,) 1863 (Statutes, p. 521,) 1863–4 (Statutes, p. 415,) 1865–6, (Statutes, p. 679.)

In view of the foregoing facts and legislative Acts, the question whether the property of the plaintiff, which was taxed in this case, is exempt from taxation or not, does not admit of argument.

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SHAFTER expressed any opinion.